IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>   Plaintiff,<br><br>   vs.<br><br>BOBBY PHILLIPS,<br><br>   Defendant.<br>_____/ | Case No. 1:10-cv-00131 AWI JLT (PC)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>RESPONSE REQUIRED WITHIN 30 DAYS |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed January 27, 2010.

**I.    SCREENING**

   **A.    Screening Requirement**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     THE COMPLAINT

In his complaint, Plaintiff contests the conditions of his confinement at California State Prison ("CSP") - Corcoran. Plaintiff alleges that there is a large dairy farm on the prison's grounds. According to Plaintiff, the strong smell of animal feces generated by the nearby cows engulfs the entire prison. In addition, Plaintiff alleges that the cows and their excrement produce swarms of flies which have infested the prison's living quarters and eating areas. Plaintiff asserts that he is forced to kill at least 25 flies per day in his cell and has been forced on many occasions to discard his meals due to contamination. Plaintiff has complained of these conditions to Defendant Phillips, the vector control agent assigned to CSP-Corcoran. However, Defendant Phillips has told Plaintiff that it is up to the prisoners to handle the fly infestation. Accordingly, Plaintiff has filed the instant civil rights action, where he seeks monetary damages for the violation of his Eighth Amendment rights. (Compl. at 1-22.)

## III.    DISCUSSION

### A.     Eighth Amendment - Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials therefore have a constitutional "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). First, a prisoner must demonstrate

3

an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  In determining whether a deprivation is sufficiently serious, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson, 217 F.3d at 731. Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, one of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733.  A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

In this case, Plaintiff appears to state a cognizable Eighth Amendment claim regarding the fly infestation at CSP - Corcoran.  Plaintiff alleges that flies pervade the prison and often contaminate prison food.  At this early stage of the litigation, this is sufficient to plead a sufficiently serious deprivation of sanitation. See Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985) (pest and vermin infestation is inconsistent with the adequate sanitation required by the Eighth Amendment). In addition, Plaintiff alleges that when he informed Defendant Phillips about the infestation, Defendant Phillips declined to take any remedial action despite his responsibility to control pests at the prison. Plaintiff has therefore also alleged facts sufficient in demonstrating that Defendant Phillips acted with deliberate indifference.

With respect to the strong smell of animal feces throughout the prison, Plaintiff arguably demonstrates a serious deprivation within the meaning of the Eighth Amendment. See id. at 784 (lack of adequate ventilation may undermine the sanitation of a prison and constitute an Eighth Amendment violation). However, Plaintiff has failed to allege facts demonstrating that Defendant Phillips, the sole defendant to this action, acted with deliberate indifference to this problem.  There is no indication that Defendant Phillips was aware of the ventilation problem, knew that such posed a threat to inmate health, or had any authority to remedy the situation.  Accordingly, Plaintiff's allegations regarding the foul smells within the prison fail to state a cognizable claim.

/////

### B. Rule 11 - Signature Requirement

Pursuant to Federal Rule of Civil Procedure 11(a), all pleadings filed by a party must be signed. See also Local Rule 131(b). By signing the complaint, a plaintiff certifies that he has made a reasonable inquiry and believes there is evidentiary support for his claims. Fed. R. Civ. P. 11(a). Plaintiff, however, has failed to sign his complaint.

### C. Leave to Amend

The Court will therefore provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

## IV. OTHER MATTERS

In his complaint, Plaintiff also requests the appointment of counsel. (Compl. at 19.) Plaintiff is advised in this regard that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which,

if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff is unable to adequately articulate his claims. Accordingly, Plaintiff's request for the appointment of counsel will be denied.

## V.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby **ORDERED** that:

1. Plaintiff's request for the appointment of counsel is **DENIED**;
2. Plaintiff's complaint is **DISMISSED**;
3. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
4. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
5. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated:   **November 9, 2010**                     **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE