IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>    Plaintiff,<br><br>    vs.<br><br>BOBBY PHILLIPS,<br><br>    Defendant.<br>_____/ | Case No. 1:10-cv-00131 AWI JLT (PC)<br><br>AMENDED ORDER DENYING MOTION TO AMEND COMPLAINT<br><br>(Doc. 23.) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to file a second amended complaint, filed April 18, 2011.

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleadings once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a)(1). In all other circumstances, a party may amend its pleadings only by leave of the court or by written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). Because Plaintiff has already amended his pleadings once as a matter of course, he requires leave of court to file a second amended complaint.

Rule 15(a)(2) instructs district courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Four factors commonly used by courts to determine the propriety of a motion to amend are: bad faith, undue delay, prejudice to the opposing party, and futility of the amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Forman v.

Davis, 371 U.S. 178, 182 (1962)).

In Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973), the Ninth Circuit Court of Appeals observed, "The purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy." Id. at 1191. Thus, by itself, undue delay is insufficient to prevent the Court from granting leave to amend. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981) (where the Court found a delay of two years, "while not alone enough to support denial, is nevertheless relevant"). When evaluating undue delay, the Court must consider whether "permitting an amendment would ... produce an undue delay in the litigation." Jackson, 902 F.2d at 1387. In addition, a Court should examine "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Id. at 1388; see also Eminence Capital, 316 F.3d at 1052.

Of the four factors, the potential for prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC, at 1052. However, the burden of showing prejudice falls on the party opposing amendment. DCD Programs, Ltd., at 187. Absent prejudice, or a strong showing of any of the remaining factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, at 1052 (emphasis in the original).[1]

Here, Plaintiff seeks to amend his pleadings to add a new defendant to this action: Correctional Officer Anderson. Plaintiff alleges that Officer Anderson was aware that Plaintiff's living quarters, showers, and eating areas were infested with insects. (Doc. 23 at 5.) Plaintiff alleges that the insect infestation forced him on many occasions to discard his meals due to contamination. (Id.) Plaintiff asserts that Officer Anderson nevertheless refused to take any remedial action. (Id.) Thus, Plaintiff claims that Officer Anderson violated his rights under the Eighth Amendment. Plaintiff now wishes to

---

[1] The Court also notes that it is required to review a case, such as this one, where a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the pleadings and dismiss any portion that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)

2

sue Officer Anderson in his official capacity for monetary damages.  (Id. at 4, 6.)

First, the Court does not find that there is any evidence that the amendment is sought in bad faith. Second, Plaintiff fails to explain in any fashion why he has delayed, since the inception of this case, 18 months ago, to name Officer Anderson.  It appears that he bases his theory of liability against Officer Anderson on the fact that on December 22, 2009 (Doc. 23 at 7), on December 28, 2009 (Id. at 8) and on November 3, 2009 (Id. at 9), Officer Anderson considered–and granted– Plaintiff's grievances related to the fact there were flies in the housing unit.  Clearly, Plaintiff has been aware of these facts and Officer Anderson's involvement in the matter since late 2009.  Likewise, despite that he filed a First Amended Complaint December 10, 2010, he failed to name Officer Anderson at that time.  The Court finds that this constitutes an undue delay.  Moreover, the First Amended Complaint has already been ordered served on Defendant Phillips.  Therefore, allowing the Second Amended Complaint would require the Court to withdraw and to re-screen the complaint and begin the process anew.

Finally, Plaintiff may not bring a suit for money damages against a state actor in his official capacity.  Such claims are barred by the Eleventh Amendment.  See Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities.").  Moreover, the documents make clear that Officer Anderson was sympathetic to the situation regarding the flies and had forwarded all of Plaintiff's information related to the grievances to those who had the authority to deal with the situation.  (Doc. 23 at 9) Anderson reported to Plaintiff, in essence, that Vector Control was in charge of pests and that he had no ability to correct the problem so, as a result, he forwarded Plaintiff's information to those that did.  Id.  Accordingly, because Plaintiff fails to state a cognizable claim against Officer Anderson, amendment of the pleadings in this action would be futile.  As such, the instant motion to amend must be denied. See Universal Mortgage Co., v. Prudential Ins. Co., 799 F.2d 458, 459 (9th Cir. 1986) (affirming denial of leave to amend where proposed claim lacked merit).

Therefore, Plaintiff's April 18, 2011 motion to amend (Doc. 23) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 17, 2011**                                                    /s/ Jennifer L. Thurston
                                                                         UNITED STATES MAGISTRATE JUDGE