IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>BOBBY PHILLIPS,<br><br>    Defendant.<br>_____/ | Case No. 1:10-cv-00131 AWI JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL AND PLAINTIFF'S MOTION TO COMPEL,<br><br>(Docs. 21, 22<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO FORWARD THIS ORDER TO THE LEGAL AFFAIRS DIVISION OF THE CDCR |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 25, 2011, the United States Marshal returned process directed to Defendant Phillips unserved. (Doc. 15.) The unserved USM-285 form revealed that the defendant could not be located by California State Prison, Corcoran or the employee locator. (Id.) Accordingly, by order filed March 30, 2011, the Court instructed Plaintiff to provide further information as to where Defendant Phillips could be served with process. (Doc. 16.)

    In response, Plaintiff has alerted the Court on several occasions that he has been unable to obtain an address for Defendant Phillips. (See Docs. 21, 22 & 24.) Plaintiff, therefore, proposes two solutions. First, Plaintiff moves the Court to appoint counsel for the limited purpose of effectuating service upon Defendant Phillips. (Doc. 21.) Second, Plaintiff moves the Court to issue an order that compels the defendant to provide his address. (Doc. 22.)

      The Court will choose neither option. Instead, the Court will seek the assistance of the Legal Affairs Division of the California Department of Corrections and Rehabilitation in locating Defendant Phillips.[1]

      Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's April 11, 2011 motion for appointment of counsel (Doc. 21) is **DENIED**.
2. Plaintiff's April 22, 2011 motion to compel (Doc. 22) is **DENIED**.
3. The Clerk of the Court is directed to forward a copy of this order and a copy of the amended complaint (Doc. 11) to the Legal Affairs Division of the California Department of Corrections and Rehabilitation.
4. The Court requests that, within ninety (90) days of the date of this order, the Legal Affairs Division provide a current address for Bobby Phillips where service of process may be effectuated.
5. If an address can be ascertained, the Legal Affairs Division is directed to provide the information to the Court under seal. The Court will then order the United States Marshal to re-initiate service at that address.
6. If an address cannot be ascertained, the Legal Affairs Division is directed to furnish a written explanation to the Court as to why Bobby Phillips could not be located and what efforts were taken in this endeavor.

IT IS SO ORDERED.

Dated:   **June 17, 2011**                    **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] On June 16, 2011, Plaintiff requested information regarding proof of service of Defendant Phillips. (Doc. 26.) It appears Plaintiff has interpreted language in the Court's June 8, 2011 order as suggesting that service has been effectuated on Defendant Philips. (See Doc. 25 at 3.) The Court did not intend to suggest this, but rather, simply noted that service on Defendant Phillips had been authorized. Plaintiff's request for further information on proof of service will therefore be denied.