1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SYLESTER WILLIAMS,                        Case No. 1:10-cv-0131 AWI JLT (PC)

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING THAT PLAINTIFF'S
13        vs.                                   MOTION FOR INJUNCTIVE RELIEF BE
                                                DENIED
14   BOBBY PHILLIPS,
                                                (Doc. 35)
15              Defendant.

16   _____/

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendant was deliberately indifferent to his health

19   and safety in violation of the Eighth Amendment.  (Doc. 11.)  On September 9, 2011, Plaintiff filed a

20   motion seeking a transfer to a new institution of incarceration.  (Doc. 35.)

21        "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

22   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance

23   of the equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural

24   Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  "A preliminary injunction

25   is an extraordinary remedy never awarded as of right."  Id. at 24 (citation omitted).  It may be awarded

26   only upon a *clear* showing that the movant is entitled to relief.  Id.

27        In evaluating the Winter factors, the Ninth Circuit has maintained the "sliding scale" approach.

28   Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).  Under this approach,

1

1    "the elements of the preliminary injunction are balanced, so that a stronger showing of one element may

2    offset a weaker showing of another." Id. at 1049.  Nevertheless, while the elements may be balanced,

3    all four factors must be present in order to warrant injunctive relief.  Id. at 1052-53.

4          Here, Plaintiff has failed to address any of the elements required for a preliminary injunction.

5    There is no showing that Plaintiff is likely to succeed on the merits of his claims,[1] that he is likely to

6    suffer irreparable harm in the absence of preliminary relief, that the balance of the equities is in his favor,

7    or that an injunction is in the public interest.  Nor is Plaintiff likely able to make such a showing.  For

8    example, it appears unlikely that Plaintiff will be able to show that the presence of swarms of flies and

9    vermin, although indeed unsanitary, pose such an immediate and lasting threat to his health and well-

10   being that action must be taken now.

11         Accordingly, because Plaintiff has failed to clearly demonstrate that he is entitled to a preliminary

12   injunction, it is **HEREBY RECOMMENDED** that Plaintiff's September 9, 2011 motion for injunctive

13   relief (Doc. 35) be **DENIED**.

14         These findings and recommendations are submitted to the United States District Judge assigned

15   to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being

16   served with these findings and recommendations, Plaintiff may file objections with the Court.  Such a

17   document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

18   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal

19   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20

21   IT IS SO ORDERED.

22   Dated:   **September 13, 2011**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28
      _____
          [1]  The fact that the Court found Plaintiff's claims to be cognizable in its screening order pursuant to 28 U.S.C. §
      1915A(a) does not equate, per se, to a finding that Plaintiff is likely to succeed on the merits of his claims.