IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS, | Case No. 1:10-cv-00131 AWI JLT (PC) |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL AND REQUEST TO CONDUCT DEPOSITIONS |
| vs. | |
| BOBBY PHILLIPS, | (Doc. 45) |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to appoint counsel and request to conduct depositions filed on October 4, 2011. (Doc. 45).

Plaintiff's request for counsel, is not the first. On April 11, 2011, Plaintiff requested appointment of counsel. (Doc. 21) This request was denied (Doc. 29)

As the Court advised Plaintiff earlier, there is no constitutional right to appointed counsel in a § 1983 action. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Only in certain exceptional circumstances, may the Court request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these

1

considerations is dispositive and instead must be viewed together. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff now indicates that he needs the assistance of counsel because he is concerned that if he is deposed, he will incriminate himself. (Doc. 45) Plaintiff does not explain how the circumstances of this current litigation would expose him to the potential of self-incrimination and the Court cannot fathom how his complaints regarding insects and flies in Plaintiff's cell, could possibly give rise to such a violation.

The Court reminds the parties that, at his deposition, Plaintiff may be asked only questions related to this litigation and those that would attack his credibility. Plaintiff is entitled to refuse to answer any question that violates his right against self-incrimination. If Defendant disagrees with any refusal to answer, he may file a motion to compel a response. Thus, the Court does not find that the exceptional circumstances exist to warrant appointment of counsel and the motion is **DENIED**.

Plaintiff additionally requests this Court for an order allowing him to take the depositions of Defendant Phillips and other witnesses in person at the prison. (Doc. 45).

A deposition by oral examination must be conducted in compliance with Rule 30 of the Federal Rule of Civil Procedure. Rule 30 requires the party taking the deposition to pay the costs associated with the deposition. This would include the cost of the court reporter and witness costs. Because Plaintiff is proceeding in forma pauperis, the Court has no confidence that Plaintiff can cover these costs. Therefore, the motion is **DENIED WITHOUT PREJUDICE**.

If Plaintiff has sufficient monetary resources to cover these costs, generally $300 - $400 per deposition, and he believes he is able to depose the party or non-party witnesses in compliance with the Rule 30, Plaintiff may renew his motion for depositions at the prison. In his motion renewing tthe request for depositions as the prison, Plaintiff SHALL attest, under penalty of perjury, that 1.) he is able and willing to bear the costs associated with the depositions and he SHALL attach a copy of his prison account ledger that was run within the 60 days of the filing to support this and 2.) prison officials have agreed to accommodate the depositions at the prison. Finally Plaintiff SHALL demonstrate in his renewed motion why deposition by written question is insufficient. If this occurs, the Court will reconsider its determination here.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's motion to appoint counsel is DENIED; and
2. Plaintiff's request to conduct depositions, filed October 4, 2011, is DENIED; and
3. The Clerk's Office shall send Plaintiff a copy of Rule 30.

IT IS SO ORDERED.

Dated:   **October 7, 2011**                                  /s/ Jennifer L. Thurston
                                                       UNITED STATES MAGISTRATE JUDGE