IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>    Plaintiff,<br><br>    vs.<br><br>BOBBY PHILLIPS,<br><br>    Defendant. | Case No. 1:10-cv-00131 AWI JLT (PC)<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT<br><br>(Doc. 51) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's third motion to file an amended complaint, filed October 20, 2011. (Doc. 51) Because Plaintiff has already amended his pleadings once as a matter of course, he requires leave of court to file a second amended complaint. Fed. R. Civ. P. 15(a)(2).

Plaintiff asserts that he should be permitted to file a second amended complaint for several reasons. (Doc. 15 at 1) First, Plaintiff believes the amendment is necessary because he waived a jury trial in his First Amended Complaint but Defendant has requested a jury trial. Id. Plaintiff wishes to clarify in his amended complaint that he agrees to this request. Id. However, Plaintiff's consent is not necessary for Defendant to exercise his right to request a jury trial. Id. Thus, amendment on this basis is not warranted.

Second, Plaintiff believes that amendment is necessary because he believes that his First

1  Amended Complaint "does not clarify my issues enough for the Court and the Defendants to get a good
2  understanding of the case including where it happen [sic] and how the Defendant is liable." (Doc. 15
3  at 1-2) Plaintiff reports that he wants to "describe my issues in greater detail" to deal with discovery
4  problems that have arisen. Id. Plaintiff asserts also that he has limited time to conduct discovery as an
5  additional grounds to amend and explains, finally, that he needs to demonstrate that Defendant failed
6  to properly process his administrative remedies. Id.

7  Rule 15(a)(2) instructs district courts to "freely give leave [to amend] when justice so requires."
8  Fed. R. Civ. P. 15(a)(2). Four factors commonly used by courts to determine the propriety of a motion
9  to amend are: bad faith, undue delay, prejudice to the opposing party, and futility of the amendment.
10 See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Forman v.
11 Davis, 371 U.S. 178, 182 (1962)).

12 In Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973), the Ninth Circuit Court of
13 Appeals observed, "The purpose of the litigation process is to vindicate meritorious claims. Refusing,
14 solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim
15 would hinder this purpose while not promoting any other sound judicial policy." Id. at 1191. Thus, by
16 itself, undue delay is insufficient to prevent the Court from granting leave to amend. DCD Programs,
17 Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay
18 may be sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254
19 (9th Cir. 1981) (where the Court found a delay of two years, "while not alone enough to support denial,
20 is nevertheless relevant"). When evaluating undue delay, the Court must consider whether "permitting
21 an amendment would ... produce an undue delay in the litigation." Jackson, 902 F.2d at 1387. In
22 addition, a Court should examine "whether the moving party knew or should have known the facts and
23 theories raised by the amendment in the original pleading." Id. at 1388; see also Eminence Capital, 316
24 F.3d at1052.

25 Here, Plaintiff seeks to amend his pleadings merely to add to factual allegations. Notably, there
26 is no requirement that a complaint contain a wealth of factual allegations. Instead, all that is required
27 is a short, plain statement of the case sufficient to place Defendant on notice of the claims. Fed. R. Civ.
28 P. 8. The Court has found already that this has occurred when it determined that Plaintiff's First

2

1 | Amended Complaint stated cognizable claims.  (Doc. 12)

2 | In any event, when considering the four factors, the Court finds first, that there is no evidence that the amendment is sought in bad faith.  Second, the Court finds that there has been undue delay.  The facts upon which the proposed amended complaint rest have been within Plaintiff's own personal knowledge since the time that they occurred. This was before Plaintiff filed his original complaint and his First Amended Complaint.  Plaintiff does not contend to the contrary.  Moreover, the First Amended Complaint has been served on Defendant Phillips and he has answered.  Therefore, allowing the Second Amended Complaint would require the Court to withdraw its previous determination, to re-screen the complaint and begin the process anew.

Third, the Court does not find that the amendment would cause Defendant any undue prejudice, given the fact that the proposed complaint does not state any additional claims.  Finally, the Court finds that amendment would be futile.  The factual information Plaintiff wishes to add does not constitute a cause of action.  Moreover, the allegations related to his contention that Defendant improperly rejected his grievances does not state a claim.  There is no constitutional right to a particular grievance procedure or result. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (an inmate has no constitutional entitlement to a specific grievance procedure).  Moreover,  prison official's failure to process an inmate's grievance, without more, is not actionable under § 1983. <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993).  Accordingly, because Plaintiff fails to state a cognizable claim with his added material, amendment of the pleadings in this action would be futile.

Considering the above factors, the Court finds that the instant motion to amend must be denied. See <u>Universal Mortgage Co., v. Prudential Ins. Co.</u>, 799 F.2d 458, 459 (9th Cir. 1986) (affirming denial of leave to amend where proposed claim lacked merit).  Therefore, Plaintiff's October 20, 2011 motion to amend (Doc. 52) is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 2, 2011**                               /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE