IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>  Plaintiff,<br><br>  vs.<br><br>BOBBY PHILLIPS,<br><br>  Defendant.<br>_____/ | Case No. 1:10-cv-00131 AWI JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL VERIFICATION<br><br>(Doc. 62) |

On January 9, 2012, Plaintiff filed a motion to compel Defendant Phillips to submit verifications related to Defendant's Responses to Interrogatories, Set One, Requests for Production, Set One and Supplemental Requests for Admission, Set One, propounded by Plaintiff. (Doc. 62). Defendant Phillips objected to Plaintiff's request to compel the verifications on the following grounds: 1) the requested verification for the Interrogatory was previously sent to Plaintiff on December 27, 2011 and 2) Federal Rules of Civil Procedure 34 and 36, do not require "verifications" for responses to production requests and requests for admission, respectively. (Doc. 64). Defendant filed a Notice of Errata on January 30, 2012 in which he attached a copy of the verification sent to Plaintiff on December 27, 2011 which was erroneously omitted from the Opposition filed on January 26, 2012. (Doc. 65-2 at 16).

Federal Rules of Civil Procedure 26(g) sets forth the requirements for signing discovery responses. It states in relevant part, "every discovery . . . response . . . must be signed by at least one attorney of record in the attorney's own name–or by the party personally, if unrepresented." Fed. R. Civ.

1

P. Rule 26(g). While Rule 33 specifically requires that the person who "makes" the answers sign them, Rule 34 (governing production requests) and Rule 36 (governing requests for admissions) do not contain that same language regarding the signature. However, as stated in Rule 26(g), Rule 36 requires the discovery response be signed by the party or its attorney. Fed. R. Civ. P. Rule 36(a)(3). By signing the response, an attorney or party certifies that to the best of the person's "knowledge, information, and belief formed after a reasonable inquiry," the response is "complete and correct as of the time it is made." Fed. R. Civ. P. Rule 26(g).

Here, Defendants declare that Defendant Phillips sent his verification to his Responses to Plaintiff's Interrogatories to Plaintiff on December 27, 2011. (Doc. 64 and 65). Defendants also attached a copy of the verification sent to Plaintiff. (See Doc. 65-2 at 16). Further, Defendant's have satisfied the signature requirement in Fed. R. Civ. P. 26(g) and 36, as both Defendant's Responses to Requests for Production, Set One, and Supplemental Responses to Requests for Admission, Set One, are signed by the attorney of record, Matthew Ross Wilson. (Doc. 62 at 7 and 25.) Given that the verification Plaintiff requested has been delivered to him and Defendant has complied with Fed. R. Civ. P. 26(g), Plaintiff's need for the requested documents no longer need to be compelled.

Accordingly, it is **HEREBY ORDERED** that Plaintiff's January 9, 2012 motion to compel a verification for Defendant's Response to Interrogatories is **DENIED** as moot. Plaintiff's request to compel verifications for Defendant's Responses to Requests for Production, Set One, and Defendant's Supplemental Response to Request for Admission, Set One are **DENIED**.

IT IS SO ORDERED.

Dated:  **March 2, 2012**                                              /s/ **Jennifer L. Thurston**
                                                                                            UNITED STATES MAGISTRATE JUDGE

2