Case 1:10-cv-00131-AWI-JLT   Document 98   Filed 05/22/12   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLESTER WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>BOBBY PHILLIPS,<br><br>Defendant. | Case No. 1:10-cv-00131 AWI JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT AND THE REQUEST FOR A 30-DAY EXTENTION OF TIME TO FILE AN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>**(Doc. 84)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DECIDE ADMISBILITY OF DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**<br>**(Doc. 97)** |

## I. Introduction

On April 18, 2012, Plaintiff filed a Motion for a Motion Definite Statement and a request for 30-day extension of time to file an opposition to Defendant's Motion for Summary Judgment. (Doc. 84). In his motion for a Motion Definite Statement, Plaintiff asks this Court to order Defendant to specifically identify which of the areas of the "4A1 SHU unit" were inspected, as Plaintiff is unable to decipher this from Defendant's motion for summary judgment. (Doc. 84). Plaintiff likewise claims he cannot respond to Defendant's motion until he obtains such information. Defendant objected to the request for a more definite statement, but did not object to Plaintiff's request for a continuance. (Doc. 91).

1

On May 17, 2012, Plaintiff filed a motion requesting that the Court determine the admissibility of Defendant's Statement of Undisputed Facts before he is responds to it. (Doc. 97).

**II.     Legal Standards – Motion for More Definite Statement**

Before the filing of a responsive pleading, a party may move under Federal Rule of Civil Procedure 12(e) for a more definite statement of a pleading if it "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail. U.S. E.E.O.C. v. v. Alia Corp., 2012 WL 393510 *4 (E.D. Cal. Feb. 6, 2012) (citing Neveu v. City of Fresno, 392 F.Supp.2d 1159, 1169 (E.D.Cal.2005). "Where the complaint is specific enough to inform the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." U.S. E.E.O.C., 2012 WL 393510 *4 (quoting Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D.Cal.1981) ("Due to the liberal pleading standards in the federal courts embodied in Federal Rule of Civil Procedure 8(e) and the availability of extensive discovery, the availability of a motion for a more definite statement has been substantially restricted."). Thus, motions pursuant to Rule 12(e) are generally "viewed with disfavor and are rarely granted[.]" U.S. E.E.O.C., 2012 WL 393510 *4 (quoting Sagan v. Apple Computer, Inc., 874 F.Supp. 1072, 1077 (C.D.Cal.1994)).

Whether to grant a Rule 12(e) motion for a more definite statement lies within the wide discretion of the district court. C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1123, 1130 (E.D. Cal. 2009) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure (2d ed.) § § 1377)).

Here, Plaintiff's motion asks that Defendant be required to specifically identify which portions of the SHU had been inspected. (Doc. 84 at 1-2.) As Defendant points out in his Response, this is information Plaintiff could have obtained during discovery, but did not. (Doc. 91). Discovery closed in February of 2012 and Plaintiff cannot now attempt to circumvent the discovery deadline via this motion for a more definite statement. (Doc. 39). For these reasons,

Plaintiff's motion for a more definite statement is **DENIED**.

**III.**     **Request for Continuance**

On April 2, 2012, Plaintiff requested additional time to respond to Defendant's Motion for Summary Judgment. (Doc. 82). The Court granted Plaintiff's request the following day and allowed Plaintiff an additional 30 days to respond to Defendant's motion. (Doc. 83). Approximately two weeks later, Plaintiff filed his Motion for More Definite Statement along with a request for an additional 30-day extension. (Doc. 84). Before the Court ruled on the pending motion, Plaintiff filed an Opposition to Defendant's Motion for Summary Judgment (Doc. 87-88), a Response to Defendant's Separate Statement of Undisputed Facts (Doc. 89), Objections to Defendant's Evidence (Doc. 90), a Supplemental Response to Defendant's Motion for Summary Judgment (Doc. 93), and Supplemental Exhibits in Opposition to Defendant's Motion for Summary Judgment (Doc. 95). Given Plaintiff's ability to respond, as demonstrated by his multiple responses to Defendant's Motion, Plaintiff's request for an extension of time to respond to Defendant's Motion for Summary Judgment is **DENIED** as moot.

**IV.**     **Request to Determine Admissibility of Defendant's Statement of Undisputed Facts.**

The Court will treat Plaintiff's most recent motion, in which he asks this Court to rule on the admissibility of Defendant's Statement of Undisputed Facts, as a renewed request to rule on Plaintiff's prior motion for a More Definite Statement. (Doc. 84). As discussed above, Plaintiff's request for a more definite statement is DENIED and Defendant is not required to file a more definite pleading.

Plaintiff's May 17, 2012 also states that he intends to respond to Defendant's Statement of Undisputed Facts. (Doc. 97). However, it appears from the docket that Plaintiff already responded to Defendant's Statement of Undisputed Facts on May 5, 2012. (Doc. 89). In fact, Plaintiff has filed multiple documents at separate intervals after he filed his initial Opposition to Defendant's motion. (See Docs. 89, 90, 93, 95, and 96). Although all of the documents opposing Defendant's motion should have been filed simultaneously to allow Defendant to effectively respond to Plaintiff's documents in opposition to his motion, Plaintiff continued to file two of these documents after Defendant filed his Reply. (Doc. 95 and 96).

To the extent that Plaintiff was unable to respond to Defendant's Statement of Undisputed Facts because he was waiting on this Court's ruling, he is granted the opportunity to submit **<u>a final response</u>** within 10 days of the date of this order.  Defendant is cautioned that any further response should be directed solely to Defendant's Statement of Undisputed Facts and should not repeat, reargue, or reiterate any of the arguments previously raised by Plaintiff in any of the following: Plaintiff's Opposition to Defendant's Motion for Summary Judgment filed May 3, 2012 (Doc. 87-88), 2012, Plaintiff's Response to Defendant's Separate Statement of Undisputed Facts filed May 3, 2012 (Doc. 89), Objections to Defendant's Evidence filed May 3, 2012 (Doc. 90), Plaintiff's Supplemental Response to Defendant's Motion for Summary Judgment (Doc. 93), or Plaintiff's Supplemental Exhibits in Opposition to Defendant's Motion for Summary Judgment (Doc. 95).  Plaintiff is cautioned that the Court will disregard any further response that does not comply with the Court's directions.

Given that Plaintiff has filed several pleadings after Defendant filed his Reply, Defendant will likewise be given the opportunity to respond to any document filed by Plaintiff after May 9, 2012 within 10 days after Plaintiff's final response.   Defendant need not respond to Plaintiff's additional filings if he deems his prior pleadings to sufficiently address the issues before the Court.

## V.   Conclusion

For the reasons set forth above, the Court orders the following:

1. Plaintiff's Motion for a more definite statement is **DENIED;**

2. Plaintiff's Request for a 30-day extension of time to respond to Defendant's motion for summary judgment is **DENIED**;

3. Plaintiff's Request for a ruling on the admissibility of Defendant's statement of Undisputed Facts is **DENIED**;

4. Plaintiff is **GRANTED** 10 days from the date of service of this order, to further respond to Defendant's Statement of Undisputed Facts, if any.  Plaintiff's failure to respond within 10 days will be deemed a waiver by the Court and the matter will stand submitted at that time without further filings permitted;

5. Defendant is **GRANTED** 10 days from the filing of any supplemental response by Plaintiff, to respond to it or to file a notice that no additional filing will be made.

IT IS SO ORDERED.

Dated: **May 22, 2012**              /s/ **Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE